# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs December 13, 2011

## STATE OF TENNESSEE v. THOMAS DEE HUSKEY

**Appeal from the Criminal Court for Knox County**
No. 49829     Richard Baumgartner, Judge

---

**No. E2011-00283-CCA-R3-CD - Filed October 10, 2012**

---

After a trial by jury, the defendant was found guilty of one count of especially aggravated kidnapping and three counts of aggravated rape, all Class A felonies. He received four twenty-year sentences, all to run concurrently. On appeal, the defendant claims that the trial court erred by using criminal convictions he received for crimes committed after those committed in the instant case to enhance his present sentences from fifteen to twenty years. After review we conclude that the trial court did not err by enhancing the defendant's sentences. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Gregory P. Isaacs (trial and appeal) and Herbert S. Moncier (trial), of Knoxville, Tennessee, for the appellant, Thomas Dee Huskey.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Jennifer H. Welch, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS AND PROCEDURAL HISTORY

This case presents a somewhat tortuous procedural history, as the defendant, currently convicted in the present case of one count of especially aggravated kidnapping and three counts of aggravated rape, has already been tried twice and sentenced on three separate

occasions with respect to these particular charges. In addition, the defendant (dubbed by the media as the "Zoo Man" killer) has been previously charged with numerous other crimes – most prominently the 1992 murders of four women, although these charges were eventually dropped after several rounds of trials and appeals. However, the defendant was convicted of crimes committed against several other women, including several rapes and aggravated rapes. Each set of charges involving these victims has its own complicated legal and procedural history. However, a full recounting of the case's vast procedural history is unnecessary for purposes of resolving the present appeal, in which the defendant raises only a single challenge to his latest round of sentencing on the above-referenced charges pertaining to his treatment of a single victim.

The present case involves the victim previously referred to in an opinion from this court as "D.C.," and was initially part of a consolidated rape trial involving four other victims. *See State of Tennessee v. Thomas Dee Huskey*, No. E1999-00438-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 550 (Tenn. Crim. App. June 28, 2002), *perm. app. denied* (Tenn. Feb. 18, 2003). During the appeal of that consolidated case, this court reversed the convictions and ordered a new trial with respect to the defendant's specific crimes against D.C. on the grounds that the trial court improperly consolidated the charges involving D.C. with the charges involving the other three victims because the offenses the defendant committed against D.C. were not part of the same plan or scheme as the others. *See id.* at **66-79. The facts underlying the charges concerning the specific crimes that the defendant committed against D.C. are generally summarized in that opinion and will not be repeated here. *See id.* at **27-35.

On April 23, 2004, following his new trial, the defendant was again convicted of the four counts listed above. On June 4, 2004, he was originally sentenced on these convictions as a Range I, standard offender, to four concurrent twenty-two year sentences. However, shortly after his sentencing, the United States Supreme Court issued its decision in *Blakely v. Washington*, 542 U.S. 296, 304 (2004), in which the Court held that allowing judicial fact-finding to increase punishment violates a defendant's Sixth Amendment right to a trial by jury – reasoning that "when a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment' . . . and the judge exceeds his proper authority." *Id.* (quoting 1 J. BISHOP, CRIMINAL PROCEDURE §87, at 55).

Because the trial judge had made several factual findings in the course of applying various enhancement factors during the defendant's sentencing, the trial court granted a subsequent motion made by the defendant and re-sentenced him in light of *Blakley*. At this sentencing hearing, the trial court did not apply several previously-applied enhancement factors that would have required improper judicial fact-finding. However, the trial court

found and applied a new enhancement factor: that the defendant had a previous history of criminal convictions or criminal behavior above that necessary to establish his appropriate range. *See* T.C.A. § 40-35-114(1) (2008). The trial court accorded that factor "great weight" and set each of the defendant's sentences at twenty years, with all sentences ordered to run concurrently. Without resort to this enhancing factor, the trial court would have been required to set the defendant's sentences at the presumptive minimum of fifteen years.

The defendant filed a timely notice of appeal concerning his re-sentencing. We proceed to review his claim.

## ANALYSIS

The defendant's sole claim on appeal is that the trial court erred by finding and applying enhancement factor (1) to his sentences: "The defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range." *Id.* The defendant contends that the trial court erred in applying this factor, which formed the basis of his enhanced sentence, because the convictions were for offenses that were committed later in time than the offenses for which he was being sentenced. We conclude that the trial court properly considered these crimes.

This Court has previously held that "trial courts can consider criminal convictions or any other criminal behavior which occurred prior to the sentencing hearing as being 'a previous history of criminal convictions or criminal behavior' under Tenn. Code Ann. § 40-35-114(1), regardless of whether the convictions or behavior occurred before or after the criminal conduct under consideration." *State v. Jordan*, 116 S.W.3d 8, 24 (Tenn. Crim. App. 2003) (internal quotation omitted). The defendant's claim that the trial court erred by finding and applying enhancement factor (1) based on the defendant's convictions for crimes that occurred after the date on which he committed the present offenses is not meritorious, and the sentences imposed are supported by the record.

## CONCLUSION

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE